# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES M. STEELE, | ) | CASE NO. 1:15-cv-1374 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER OF TRANSFER |
| CHARLOTTE JENKINS, Warden, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Petitioner Charles M. Steele ("petitioner") is a state court prisoner currently serving a 72-year sentence for multiple rape convictions. On October 3, 2017, this Court denied petitioner's application brought pursuant to 28 U.S.C. § 2254. (Doc. No. 20 ["MO"].) Pertinent to the present motion, the Court found that all of petitioner's grounds for relief—including his "fraud upon the court" claim relating to the county prosecutor's alleged withholding of certain underlying DNA testing evidence—were procedurally defaulted. (MO at 1488-89.) This Court also declined to issue petitioner a certificate of appealability. (*Id.* at 1492.)

On October 27, 2017, the Court granted petitioner's motion to extend the deadline for filing a notice of appeal from the Court's denial of his habeas petition. (Doc. No. 23.) On November 3, 2017, petitioner filed his notice appeal with the Sixth Circuit and moved for a certificate of appealability and for leave to proceed *in forma pauperis*. (Doc. No. 24.) In an order dated March 5, 2018, the Sixth Circuit denied petitioner's motion for a certificate of appealability. (Doc. No. 26.) While petitioner raised a portion of his "fraud upon the court" claim

before the Ohio Supreme Court, the Sixth Circuit noted that petitioner failed to raise the claim on direct appeal to the Ohio Court Appeals. Because he "failed to invoke one complete round of Ohio's appellate review process[,]" the Sixth Circuit found that "[r]easonable jurists could not disagree with the district court's conclusion that this claim is procedurally defaulted." (*Id.* at 1557, citation omitted.)

On February 1, 2018, while petitioner's appeal to the Sixth Circuit was still pending, petitioner filed the present motion for relief from judgment under Rule 60(b)(3). (Doc. No. 25 ["Mot."].) In his motion, petitioner claims that this Court was aware that he had raised his "fraud upon the court" claim before the Ohio Supreme Court but relied upon the fact that it had not been raised on direct appeal to find the claim procedurally defaulted. (Mot. at 1550.) He insists that "[t]his analysis does not comport with law that has been established concerning Fraud upon the Court [because] it is well settled that Fraud upon the Court may be brought at any time in any Court because there is no limitation on Fraud." (*Id.*, all capitalization in original.)

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of 28 U.S.C. § 2244(b). *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (when a prisoner seeks to file a second or successive petition for habeas corpus relief without pre-authorization, the district court must transfer the motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631); *see also Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). However, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the

circuit court for consideration as a second or successive habeas petition. *Gonzalez*, 545 U.S. at 532.

Petitioner has failed to show that fraud has been committed upon this Court such that he has raised a "defect in the integrity of the federal habeas proceedings." Instead, the present motion merely attempts to resurrect the same fraud claim he raised in his original habeas petition relating to the alleged conduct by the county prosecutor in the underlying state criminal proceedings. In order to have been entitled to a reopening of his habeas petition under Rule 60(b)(3), "the fraud must have been committed by an officer of the federal habeas trial or appellate courts." *Buell v. Anderson*, 48 F. App'x 491, 499 (6th Cir. 2002) (citing *Workman v. Bell*, 227 F.3d 331, 336, 341 (6th Cir. 2000) (en banc)).[1] Because the county prosecutor was not acting as an officer of the federal habeas court when he allegedly withheld certain underlying DNA evidence, the "fraud upon the court" exception does not apply to allow petitioner to reopen his federal habeas petition. *See id.*; *see, e.g., Prescott v. Gidley*, No. 14-13220, 2016 WL 3549343, at *2 (E.D. Mich. June 30, 2016) (county prosecutor's alleged fraud in failing to turn over telephone records until the first day of trial in state court did not demonstrate fraud upon the federal habeas court proceeding to permit petitioner to seek relief from judgment under Rule 60) (citations omitted).

Because petitioner's Rule 60(b) motion merely reasserts a claim he raised in his original petition, it represents a successive petition for a writ of habeas corpus. *See Gonzalez*, 545 U.S. at

---

[1] Petitioner relies on *Workman*, but that decision involved a fraudulent argument made in the federal habeas appellate court, rather than fraud in the state court proceedings. *See Workman*, 245 F.3d at 851 ("Specifically, [petitioner] claims that the State asserted in argument before *this court* that [petitioner] still had the opportunity to request relief under executive clemency in Tennessee.") (emphasis added); *see, e.g., Rodriguez v. Mitchell*, 252 F.3d 191, 199 (2d Cir. 2001) (a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing "relate[d] to the integrity of the federal habeas proceeding, not the integrity of the state criminal trial").

532; *see also Moreland v. Robinson*, 813 F.3d 315, 324 (6th Cir. 2016) (a Rule 60(b) motion that was filed after the petitioner had appealed the district court's denial of his original habeas petition was a second or successive habeas petition) (citing *Post v. Bradshaw*, 422 F.3d 419, 421, 424-25 (6th Cir. 2005)). The Court is, therefore, without jurisdiction to consider the motion and must transfer it to the Sixth Circuit for a determination as to whether a certificate of authorization should issue. *See Moreland*, 813 F.3d at 325 (Petitioner's Rule 60(b) motion and motion to amend "were therefore second or successive habeas petitions even with respect to the claims that [petitioner] raised during the pendency of the appeal from the denial of the first habeas petition. The district court lacked jurisdiction to address them when they were originally filed."). Accordingly, the Clerk is ORDERED to TRANSFER petitioner's motion for relief from judgment (Doc. No. 25) to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED**.

Dated: June 19, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**